Per Curiam.

One point made by the defendants, we think, is fully settled by the facts agreed. The statement of facts shows, that the bond was executed by the defendants in the State of New York and sent to the defendants by mail. This shows a manifest intention on the part of both defendants to deliver, and such intention, coupled with an act which puts it in the power of the obligees, is a good delivery. So an unconditional delivery to a third person for the use of the obligees, is a good delivery to them, and gives efficacy to the instrument as the deed of the obligors. If it was intended to rely on the point, that the deed was not accepted by both of the plaintiffs, we think the objection is also answered by the facts. In general, the bringing of an action by an obligee, as it affirms *229 the instrument, and treats it as a valid and subsisting deed, is sufficient evidence of an acceptance. But if any thing further were wanting, it is found in the present case, in the assignment from Kendrick to Bird. This assignment recognizes and affirms his legal interest in the covenant, as an obligee ; and although unavailing for the purpose of vesting his legal interest in Bird, because a specialty is not assignable at law, yet it is a good transfer of his beneficial interest, and an authority to his coobligee to sue in his name. The case therefore shows, we think, that the obligation was duly delivered. Here the express contract is with the two plaintiffs jointly, and this gives them a joint legal interest in the contract. We think, therefore, it falls within that class of cases, where, there being an express obligation to two or more to perform some act, though for the benefit of one of them only, yet all may join in bringing the action. Anderson v. Martindale, 1 East, 497.
Another objection made to the plaintiffs’ recovery in this action is, that the obligation was conditional, and by the terms of it nothing is due. The undertaking is to pay to Bird and Kendrick all the money which they shall be obliged to pay in consequence of their becoming bail to liberate Isaac D. Thompson. The action is brought to recover money paid hj Bird alone, in consequence of his having become bail for Thompson, Kendrick not having joined in so becoming bail.
We think it makes no difference that Emory Thompson became bail with the plaintiff Bird, or that he did so at Bird’s request, inasmuch as it is found that Emory Thompson paid nothing in consequence of his having so become bail, and that the whole amount claimed in this action was in fact paid by the plaintiff Bird, as the bail of Isaac D. Thompson. It therefore stands upon the same footing as if he alone had given bail. Then the question recurs, whether, in such case, the defendants, by the terms of this obligation, are responsible.
This contract is essentially a contract of indemnity, and as such, a liberal construction should be put upon it. When made, it was prospective and conditional; it looked to an act to be done, and was an undertaking to indemnify against the consequences of such act. It appears manifest from the contract, though carelessly and informally drawn, that the substantial *230 condition was, the liberation of Thompson upon bail, by them, and upon their responsibility. It appears to the Court, that by the true construction of this instrument, it is not of the substance of this condition that the plaintiffs should personally become bail, or that both should join in the bail-bond, or that both should join in payment of money, in consequence of thus becoming bail. As the obligation was prospective, it was uncertain in what form bail would be required or given. Suppose one surety only had been required, or suppose one only would be received, by the officer whose duty it was to take bail. It seems to us, that that would have been a substantial compliance with the condition of the obligation, and that the words “ they ” and “ their ” were used collectively, and included what should be done by them, jointly, or by either of them, in accomplishing the object contemplated by the contract.
The Court would by no means express a doubt of the authority of that class of cases, which are founded upon the rule, that upon a conditional undertaking, the condition must be strictly and exactly complied with, before an action can be maintained, and that where time, place, or any other mode or form of performance, are part of the condition, such mode or form, however immaterial or even frivolous, must be pursued. But we proceed upon the ground, that in construing this obscure contract, it was no part of the condition, that both the plaintiffs should become bail, or that both should pay, hut it was intended to indemnify both or either, according to the contingent event, that both or either should become bail, and be in consequence compelled to pay money.
We think, therefore, that the action may well be maintained by both, in consequence of the express legal obligation, for the benefit of the one who has been obliged to pay, and that pursuant to the agreement of the parties, an assessor must be appointed to assess the damages.